FILED

SEP 0 9 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DUNN & FENLEY, LLC, an Oregon
limited liability company, dba K DUNN
& ASSOCIATES

         Plaintiff,

v.

L. SHAWN WONG, an individual, dba
EYES OF TEXAS LASER CENTER,

         Defendant.

CV. 06-6281-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

       Plaintiff Dunn & Fenley, LLC pursues this copyright infringement and breach of contract action arising out of defendant Shawn Wong's alleged infringing use of Dunn & Fenley's copyrighted LASIK eye surgery promotional materials. This court has jurisdiction under 28 U.S.C. §§ 1338 and 1367. Plaintiff's Motion for Leave to File Third Amended Complaint (#39) is now before the court. Plaintiff's motion is granted, for the reasons set forth below.

Page 1 - OPINION AND ORDER

## LEGAL STANDARD

A party may amend a pleading once as a matter of course before a responsive pleading or within 20 days after serving the pleading, but thereafter may only amend by consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is within the discretion of the trial court, but that discretion "should be guided by the underlying purpose of Rule 15(a) which was to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (citation omitted). "A district court may, however, take into consideration such factors as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Id*. "An outright refusal to grant leave to amend without a justifying reason is . . . an abuse of discretion." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) (citation omitted).

## BACKGROUND

Plaintiff Dunn & Fenley, LLC is a consulting business that advises individuals and businesses on how to market, promote and advertise LASIK eye surgery. Defendant Wong is an ophthalmologist doing business in Texas as the Eyes of Texas Laser Center, which provides LASIK surgery services. The second amended complaint alleged causes of action for copyright infringement and breach of contract. It stated that Dunn & Fenley and Wong entered into a month-to-month licensing agreement in which Wong paid for an exclusive license to use Dunn & Fenley's copyrighted materials to promote his LASIK practice in a limited geographic area. The complaint further alleged that, after Wong terminated the agreement in December 2005, he

Case 6:06-cv-06281-TC    Document 45    Filed 09/09/09    Page 3 of 6

reproduced and distributed Dunn & Fenley's copyrighted materials and derivative works based on those materials without Dunn & Fenley's authorization. The complaint specifically mentioned Dunn & Fenley's "LASIK Seminar Direct Mail Promotion" as a copyrighted work, but did not name other copyrighted materials.

Dunn & Fenley now seeks to file a third amended complaint. The proposed amended complaint adds to the copyrighted works at issue. In addition to listing Dunn & Fenley's "LASIK Seminar Direct Mail Promotion" as a copyrighted work, the proposed amended complaint also lists additional materials, the "LASIK Seminar Ad with Eyes, LASIK Seminar Presentation System, LASIK Practice Building System, as well as other original materials that plaintiff has developed . . . ." The proposed complaint lists the copyright registration numbers for the specifically identified works.

The proposed complaint states that the copyright registrations for the LASIK Seminar Ad with Eyes, LASIK Seminar Presentation System, and LASIK Practice Building System are attached as Exhibit 1. Exhibit 1, however, only includes a copy of the registration for LASIK Seminar Direct Mail Promotion. It does not include the registrations for the other copyrighted works.

Finally, the proposed third amended complaint adds allegations that Wong's conduct placed him in "direct competition" for Dunn & Fenley's clients and that Wong "agreed to pay plaintiff for the use of all materials provided for under the Agreement." It also changes the breach of contract cause of action to correspond to the latter allegation.

## ANALYSIS

In deciding whether to grant leave to amend, courts consider prejudice to the opposing

party as the most persuasive factor. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). A court may deny a motion for leave to amend, however, "if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). A proposed amendment is futile only if the party can prove no set of facts that would constitute a valid and sufficient claim or defense. *Id.*

Here, Wong argues that the proposed amended complaint includes several conclusory allegations, including that: 1) Wong's conducted placed him in "direct competition for clients;" 2) Wong agreed to pay for the use of all materials provided for under the agreement even after the contract terminated; and 3) Wong "has infringed and is infringing on plaintiff's copyrights by reproducing, preparing, publishing and/or distributing to the public plaintiff's copyrighted material, without authorization." Thus, Wong essentially asserts that proposed amendment is legally insufficient. Wong does not, however, assert that he will suffer any prejudice if the motion to amend is granted.

In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). This standard "does not require 'detailed factual allegations,'" but does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S Ct 1937, 1949, 173 L. Ed. 2d 868 (May 18, 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007)). Thus, in evaluating the sufficiency of a complaint, the court must first identify the allegations in the complaint "which amount to nothing more than a 'formulaic recitation of the elements'" of the plaintiff's claim. *Iqbal*, 129 S. Ct. at 1949. The court must then consider the remaining, factual allegations and consider whether, taken as true, those facts plausibly give rise to an entitlement

to relief. *Id.* at 1950; *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). In addition to the allegations of the complaint, the court may also consider documents whose authenticity no party questions which are attached to, or incorporated by reference in, the complaint. *Knievel v. ESPN*, 393 F3d 1068, 1076 (9th Cir 2005).

### A. Sufficiency of the Copyright Cause of Action

"A claim for copyright infringement has two elements: (1) ownership of the copyright; and (2) infringement - that the defendant copied protected elements of the plaintiff's work." *Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1037 (9th Cir. 2000). Here, the non-conclusory allegations of the complaint include the registration numbers for Dunn & Fenley's copyrighted material and exhibits of the alleging infringing works. Thus, although Dunn & Fenley apparently mistakenly excluded certain copyright registrations from Exhibit 1, the proposed amended complaint nonetheless sets forth facts to support a claim for copyright infringement.

### B. Sufficiency of the Breach of Contract Cause of Action

To state a claim for breach of contract, plaintiff must allege the existence of a contract, "its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *See Fleming v. Kids and Kin Head Start*, 71 Or. App. 718, 721, 693 P.2d 1363 (1985). Here, Dunn & Fenley attached its agreement with Wong to the proposed amended complaint. In addition, Dunn & Fenley allege that it kept its terms of the agreement and include an exhibit showing an advertising it provided to Wong pursuant to the agreement. The complaint further alleges that Wong breached the agreement by continuing to use Dunn & Fenley's copyrighted or derivative materials following termination of the agreement and provides examples of Wong's alleged infringing use. It further alleges that Dunn & Fenley's damages are

$2,495 per month. Although this latter allegation includes a legal conclusion concerning the damages available for breach of the contract, the non-conclusory allegations plausibly give rise to an entitlement to relief. I therefore conclude that the proposed amended complaint sets forth sufficient facts to support a claim for breach of contract.

Wong has failed to establish that Dunn & Fenley's proposed amended complaint is legally insufficient. Although the complaint is ambiguous in some respects, it nonetheless plausibly give rise to an entitlement to relief under both claims. Moreover, Wong has not asserted that he will suffer any prejudice as a result of the amendment. I therefore grant plaintiff's motion to amend.

## CONCLUSION

Plaintiff's Motion for Leave to File Third Amended Complaint (#39) is granted.

Dated this 9th day of September, 2009.

_Paul Papak_
Honorable Paul Papak
United States Magistrate Judge